Dear Mr. Burson:
You have requested an opinion of the Attorney General regarding the proper use of the proceeds of an ad valorem tax by the St. Landry Parish Police Jury. The tax proposition, in question, reads as follows:
 "Shall the Parish of St. Landry, State of Louisiana (the `Parish'), levy a special tax of two and thirty-seven (2.37) mills on all property subject to taxation in said Parish for a period often (10) years, beginning with the year 1994 and ending with the year 2003, for the purpose of maintaining and operating public health units in the Parish?"
You specifically ask whether the Parish may use the proceeds of the tax to pay coroner's costs and/or commitments of citizens of the Parish.
The answer to your question is governed by R.S. 39:704 which provides:
 "The proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied. The records of the taxing authorities shall clearly reflect the objects and purposes for which the proceeds of the tax are used."
In accordance with the provisions of this statute, it has been consistently held by this office that proceeds of a special tax must be used solely for the purpose(s) set out in the proposition approved by the voters. The proposition states that the tax must be used for maintaining and operating the several health units in the Parish. This office has further held that the scope of the authority for the expenditure of millage revenues is concomitant to the consent of the electorate and, accordingly, the ordinary sense of the words contained in the proposition is dispositive of their meaning for the electorate approving the special millage. Attorney General Opinion Nos. 95-124, 94-540, 94-252 and 92-196.
A similar question was addressed by this office in Opinion No. 95-124. There, the issue was whether tax proceeds could be used to provide medical and dental services to prisoners housed in the parish prison and to reimburse the Coroner's Office for the performance of public health services and activities. The tax proposition described the purposes for which the levy was intended as "supporting the St. Tammany Parish Health Center andrelated public health activities, including the construction of new buildings and/or renovation of existing health unit buildings." [Emphasis added.] Based on this underscored language, we answered the question in the affirmative, reasoning that the provision of medical and dental services to prisoners and the expenses relating to the Coroner's Office fell within the broad definition of "related public health activities".
As previously noted, the tax proposition at issue here limits the use of the tax proceeds for the maintenance and operation of the several health units located in and about the Parish. The proposition does not authorize the use of the revenues for other related public health activities such as the ones denoted in your request.
Accordingly, it is the opinion of this office that the subject advalorem tax revenues may not be used for the payment of the Coroner's costs and/or the expenses incidental to commitments.
Parenthetically, it should be noted that the Parish could request the voters to rededicate the proceeds of the tax so as to include the aforementioned purposes. An election for that purpose must be approved by the State Bond Commission pursuant to R.S.39:1410.61.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob, III/cla